# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGAYE LAFAYETTE-PRICE,<br><br>Plaintiff,<br><br>v.<br><br>SAC COUNTY SHERIFF'S DEPARTMENT/R.C.C.C.,<br><br>Defendant. | No. 2:15-cv-2249 CKD P (TEMP)<br><br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons discussed herein, the court will dismiss plaintiff's complaint without prejudice to refiling because plaintiff failed to exhaust her administrative remedies prior to filing suit as required.[1]

/////

/////

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. No. 7)

1

# BACKGROUND

Plaintiff commenced this action by filing a civil rights complaint against the Sacramento County Sheriff's Department/Rio Cosumnes Correctional Center. In her complaint, plaintiff alleges that on October 1, 2015, correctional officers told her and her fellow inmates to line up for body searches. According to plaintiff, there were female officers present, but a male officer searched her. Plaintiff alleges that the male officer touched her inappropriately and belittled her, harassed her, and made her uncomfortable the entire time. Plaintiff claims that defendants violated her rights under the Eighth Amendment. (Compl. at 3-4.)

# THE EXHAUSTION REQUIREMENT

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'").

A court may excuse a prisoner from complying with the PLRA's exhaustion requirement if she establishes that the existing administrative remedies were effectively rendered unavailable to her. See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014). For example, where prison officials improperly screen out inmate grievances, they can render administrative remedies effectively unavailable. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). In such a case, "the inmate cannot pursue the necessary sequence of appeals . . . ." Id. See also McBride v. Lopez, 807 F.3d 982, 984, 986-87 (9th Cir. 2015) ("fear of retaliation may be sufficient to render the inmate grievance procedure unavailable"); Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded from exhausting his administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal).

**DISCUSSION**

In this case, plaintiff's failure to exhaust administrative remedies is clear on the face of her complaint, and therefore, the court will dismiss this action without prejudice. Albino, 747 F.3d at 1168 & 1169. See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."), overruled on other grounds by Albino, 747 F.3d at 1166 (invalidating Wyatt's authorization of an unenumerated Rule 12(b) motion as the vehicle for defendants to assert a nonexhaustion defense).

On plaintiff's original complaint form, filed on October 28, 2015, she acknowledges that there is an administrative grievance procedure available at the Rio Cosumnes Correctional Center. (Compl. at 3-4) Plaintiff also concedes that she did not take any steps to present the facts related to her complaint to county jail officials through that administrative grievance procedure. (Id.) The Ninth Circuit Court of Appeals has made clear that an inmate must exhaust her administrative remedies prior to asserting them in a civil rights complaint. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than

that."); McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further these Congressional objectives; permitting exhaustion *pendente lite* will inevitably undermine attainment of them.").

Although plaintiff complains that county jail officials took three weeks to provide her with an administrative grievance form, plaintiff has not established that the court should excuse her from the exhaustion requirement based on these circumstances. As noted above, a court may excuse a prisoner from complying with the exhaustion requirement when officials render administrative remedies effectively unavailable even if officials did not act in bad faith. See Sapp, 623 F.3d at 822; Nunez, 591 F.3d at 1224. The Ninth Circuit has excused an inmate's failure to exhaust because he did not have access to the necessary grievance forms to file his grievance. See Marella, 568 F.3d 1024. In this case, however, plaintiff acknowledges that county jail officials provided her with the necessary grievance form on October 22, 2015. (Compl. at 3.) The court received plaintiff's complaint for filing in this civil rights action six days later, demonstrating that at the time she filed this action she had not yet taken "reasonable and appropriate steps to exhaust [her] claim[s]," Nunez, 591 F.3d at 1224, and she could not have had "a reasonable and good faith belief that administrative remedies [were] effectively unavailable" to her. Sapp, 623 F.3d at 826.

If a court concludes, as it does here, that an inmate has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120. Given plaintiff's acknowledgment of non-exhaustion, the undersigned will dismiss this action without prejudice.[2]

/////

/////

/////

---

[2] The court's dismissal of plaintiff's complaint without prejudice allows her to re-file this action after she exhausts her administrative remedies. If plaintiff decides to re-file this action, the court advises her that she should not include this case number on her new complaint, and she must submit an updated application to proceed in forma pauperis to proceed in a new action.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies;

2. Plaintiff's request to proceed in forma pauperis (Doc. No. 7) is denied; and

3. This action is closed.

Dated: March 14, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ec
lafa2249.fte